### ASHBROOK et v OTTO

Ohio Common Pleas, Hamilton Co

Decided March 22, 1935

Hall, Castellini, Frey & Jackson, Cincinnati, for plaintiff.
Carl W. Rich, Cincinnati, for defendants.

### OPINION

By GORMAN, J.

Four separate actions were filed against the defendant Cecil P. Otto for personal injuries alleged to have been sustained by the plaintiffs in an automobile collision between the machines driven by Kist and the defendant, at the intersection of Colerain pike and Van Zandt road in Hamilton County, Ohio.

The defendant Cecil F. Otto has appeared specially for the sole purpose of quashing the service of summons. Summons was issued presumably under the provisions of the recently enacted statutes dealing with substituted service, which read as follows:

"**Sec 6308-1 GC**—Any non-resident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle, or of having the same operated within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall sub-

sequently become a non-resident or shall conceal his whereabouts, shall, by such acceptance or licensure as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the secretary of state of the state of Ohio his, her or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state of Ohio, against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved."

"Sec 6308-2, GC—Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of state of the state of Ohio, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

The service of all four cases was made in an identical manner. The directions of the clerk were addressed to the sheriff of the county of Hamilton to notify Cecil F. Otto, Raymond, Indiana, under House Bill No. 54. The sheriff's returns are as follows:

"Sheriff's Return, Franklin County, Ohio. Received this writ January 5, 1935 at 9 o'clock A. M. and pursuant to its command on January 8, 1935 I served the within named Cecil F. Otto, Raymond, Indiana, by leaving a true and certified copy of this writ with all the endorsements thereon at the office of the secretary of state of Ohio.
"Ross E. Anderson,
"Sheriff of Franklin County, O.
"A. C. Dickerson, Deputy."

and also—
"Sheriff's Office, Franklin County, Ohio. —I also on January 22, 1935, served the within named Cecil F. Otto, Raymond, Indiana, (Post Office address, Oxford, Ohio, R.F.D.), by sending to him at his last known address by registered mail, postage prepaid, a true and certified copy of this

writ with all the endorsements thereon together with an endorsement thereon of the service upon the secretary of state of the state of Ohio in this case, the mailing receipt and the returned signed registered mail receipt of the defendant are attached hereto and made a part of the return of service of this writ.
"Ross E. Anderson,
"Sheriff of Franklin County, O.
"O. B. Walker, Deputy."

Attached to this is the registered mail return card endorsed, "Cecil F. Otto," over the printed words, "Signature or name of addressee," and the name "Blanche Otto" over the printed words thereon, "Signature of addressee's agent".

The defendant claims that the service was not in conformity with the statute; that the return card does not show service upon the defendant, and that unless the defendant himself, is actually served it would violate the provisions of the Fourteenth Amendment of the United States Constitution.

The provisions of this section have never been tested in this state, although a somewhat similar provision in the Massachusetts Legislative acts was upheld in the Municipal Court of Cleveland.

**Wilgoren v Youngerman, 31 N. P. (N.S.), 225.**

Statutes dealing with substituted service have been before the Supreme Court of the United States, and were upheld some years ago in Kane v New Jersey, 242 U. S., 160. Later, in 1928, the court attached a condition, stating that to be valid they must "contain a provision making it reasonably probable that the notice will be communicated to the person sued."

Wuchter v Pizzutti, 276 U. S., 13; 57 A. L.R., 1230.

The statute of Ohio complies with all of the requirements set forth by the Supreme Court as it creates a reasonable probability that the defendant would be aware of the bringing of the action, and no claim is made that the act itself is unconstitutional.

The first contention that the directions should be made to the sheriff of this county, that he should deputize the sheriff of Franklin County, and then the return made by the sheriff of this county are not pertinent.

The record shows that the directions of the clerk were made directly to the sheriff of Hamilton County. The return is made by the sheriff of Franklin County. Unless the sheriff of this county deputized the sheriff of Franklin County, the papers

would never have been in Columbus, so it is clear to this court that the latter was properly deputized. The defendant has assumed that the clerk of this county issued directions to the sheriff of Franklin County, which is not, however, a fact, and we do not believe that the special authority from one sheriff to another need be placed on the writ itself.

The statute specifically provides that—

"Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin County, who may be deputized for such purposes, by the officer to whom the service is directed."

and does not require the sheriff of this county to mail the registered notice. Once the sheriff of Franklin County is deputized, he has the right to serve the ▮▮▮▮▮▮▮ secretary of state, mail the notice, and make the return to the clerk of the Common Pleas Court. It is obvious that the legislature so intended, and specifically used the words "such purposes" rather than the singular which would have been used was his work to end with service upon the secretary of state.

We now come to the more serious question. The registered mail card was signed by Blanche Otto as the agent for the defendant. It is claimed that inasmuch as the defendant, Otto, did not receive actual notice as shown by the return to compel him to answer or be in default would be depriving him of his rights without due process of law.

While the dissenting opinion of Justice Brandeis, Holmes and Stone in Wuchter v Pizzutti, supra, seems to be more logical, we shall strictly adhere to the majority ruling even though it appears to be but an "afterthought" provoked by the decision in Hess v Pawloski, 274 U. S., 352.

Our highest court passed simply upon a statute, which it held was valid if there was a reasonable probability that the defendant would be served. It has never decided that actual notice was necessary if the defendant was to be served duly and legally. Several of our state courts have had the exact proposition before them.

In New York it was held that return of the receipt showing service upon the defendant was essential (Dwyer v Shalck, 232 App. Div., 780), but that the receipt need not bear the personal signature of the defendant. That of his authorized agent was held sufficient. Shusbereba v Ames, 255 N. Y., 490.

In Delaware the refusal of the defendant to accept service by mail does not invalidate the process (Creadick v Keller, Del., — 160 Atl., 909), but in New York it does.

In Connecticut the return of the receipt showing service upon the defendant is not necessary (Hartley v Vitello, 113 Conn., 74), and in other jurisdictions this was the rule at least prior to the decision in Wuchter v Pizzutti, supra.

It will be noticed, however, that the court has not made the test of the validity of the acts that actual notice be received, but only that there is a reasonable probability that the defendant will receive notice.

Under our statute it is specifically provided that "the registered mail return receipt of such defendant shall be attached to and made a part of the return of such process." It is clear under our statute that the failure to receive some notice would not be a valid service. It is equally clear that a receipt signed by a stranger or one not authorized would not be sufficient under our statute.

There is nothing, however, in the statute which requires that the defendant, himself, must either personally receive the notice or that he must personally sign the registered receipt card. Except in divorce cases and a few other matters, residence service is sufficient in this state upon our own citizens. The law was never intended that the non-resident should be treated more favorably than the resident of the state.

The registered mail return receipt is signed "Cecil F. Otto" as we construe it by "Blanch Otto". There are no affidavits filed in this action nor any evidence presented, but the court has to look solely to the return itself.

When service is attempted to be made upon a foreign corporation the company in an attempt to quash must present affidavits or evidence to show that the person served was not the managing agent. We hold, therefore, that the ▮▮▮▮▮▮▮ burden is upon the defendant to show that Blanche Otto was not his agent to receive his mail and sign receipts for him.

It is the opinion of the court that this service purporting to be made upon an agent is valid unless it is ▮▮▮▮▮▮▮ shown that there was no authorization by the agent to sign the receipt.

The motion to quash the service of summons in all four cases is therefore overruled.