## PALOZZOLO v McCORD

Ohio Common Pleas, Hamilton Co

Decided Nov 12, 1936

C. J. Petzhold, Cincinnati, for the motion.
Oliver W. Hardin, Cincinnati, contra.

### OPINION

By GORMAN, J.

This matter is before the court upon a motion to quash service of summons. The case arises out of an automobile accident alleged to have taken place on January 19, 1936.

At that time the defendant was a resident of this county. Subsequently he moved to Indianapolis, and service was made under the provisions of §6308-1, GC, which reads as follows:

"Any non-resident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to non-resident operators and owners, of operating a motor vehicle, or of having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a non-resident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the secretary of state of the state of Ohio, his, her or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state of Ohio against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved."

So far as such statute applies to non-residents, we have held repeatedly that it was a valid and constitutional enactment. (See Ashbrook v Otto, 2 O.O. 534, 535).

It is claimed here, however, that the defendant being a resident of the state never made the secretary of state his agent, and that consequently when he moved out of the state that the official never received authority to become his agent. In other words, it is claimed that the minute a non-resident makes use of the highway facilities, it is valid to make him constitute some one his agent, but that such reasoning is not sound when applied to a resident operator.

Questions in regard to substituted service invariably raise new problems. As pointed out by counsel, the resident operator does not have the secretary of state as his agent so long as he resides in the state, but the minute he moves from its boundaries the secretary of state becomes his agent for the service of process.

The early decision of Pennoyer v Neff, 95 U. S. 714 was to the effect that a valid personal judgment could not be obtained against a non-resident by constructive or substituted service. The theory upon which substituted service has been upheld in automobile cases is based not only on the fact that the non-resident driver by the mere use of his road authorizes a state official to act as his agent, but it is also based upon the fundamental doctrine that a state has a right to regulate the use of its highways by non-residents as well as residents. Hendrick v Maryland, 235 U. S., 610.

Can it be said that a driver's license law is invalid? Certainly as an exercise of police power and in the interests of safety a state can bar a driver from the highways entirely. There is no constitutional guaranty that residents of a state must be served in all cases with personal summons. If the state can impose upon a non-resident a condition that he designate the secretary of state as his agent, why can it not say to the resident that by use of the highways he too must designate the secretary of state as his agent?

It seems to the court clear that it can impose upon every driver of an automobile

who resides in the state a condition that if he leaves the state, whether it be for fraudulent purposes or for the most proper reasons, that he designate a state official as his agent for the service of summons. If the state can deprive him of the use of the highways entirely, imposition of such a condition upon him does not seem to deprive him of any right without due process of law. To hold otherwise would give the fugitive from process a decided advantage.

The motion to quash is therefore overruled.