**HANSEN, Appellant,**

v.

**HANSEN, Appellee.**

[Cite as *Hansen v. Hansen* (1999), 132 Ohio App.3d 795.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–971042.

Decided March 26, 1999.

*Geoffrey P. Damon,* for appellant.

*Wood & Lamping* and *Jeffery M. Rollman,* for appellee.

---

PAINTER, Judge.

A seemingly normal case raises a novel issue: what type of service is necessary on a contempt motion? The dearth of authority in Ohio is surprising. This is a rare case in which "[l]ittle profit will come from a dissection of the precedents."[1]

---

1. See *Meinhard v. Salmon* (1928), 249 N.Y. 458, 466, 164 N.E. 545, 547 (Cardozo, C.J.).

## I.  The Case

Plaintiff-appellant, Bodee Hansen, appeals the judgment of the Domestic Relations Division of the Hamilton County Court of Common Pleas finding her in contempt of court and dividing the marital property in a divorce action.

Originally, Ms. Hansen was awarded temporary custody of the minor children born during her marriage to defendant-appellee, Stanley Hansen.  Under a court order, Ms. Hansen was prohibited from removing the children from the jurisdiction.

Despite the order, Ms. Hansen moved to Rochester, New York, and took the children with her.  Mr. Hansen, who had filed a motion for an emergency change of custody, was awarded temporary custody of the children.

Mr. Hansen filed a motion for contempt against Ms. Hansen, alleging that she had violated the court's order not to remove the children from the jurisdiction. Mr. Hansen served that motion on Ms. Hansen's attorney of record.  A hearing was conducted, but Ms. Hansen did not appear.  The court found her in contempt.  A body attachment was also issued against her for her continued failure to bring the children back into the jurisdiction.

Later, the court granted Mr. Hansen permanent custody of the children.  Also, a magistrate made findings and conclusions regarding division of the parties' marital property, and it awarded attorney fees to Mr. Hansen.  Ms. Hansen did not file objections to the magistrate's decision.  Ms. Hansen, though, did file Civ.R. 60(B) motions that challenged the court's decision regarding parental rights and its finding of contempt and the body attachment.  The court denied these motions and later entered a final divorce decree.

Ms. Hansen now appeals.  She asserts five assignments of error.

## II.  Contempt

In her first two assignments, which we treat together because they raise identical issues, Ms. Hansen contends that the court erred in finding her in contempt of court and in issuing a body attachment as a result of that contempt finding.  She claims that she was not given proper notice of the contempt proceedings and, thus, that her due process rights were violated.  We agree.

To begin, we note that contempt can fall under different classifications: indirect or direct, and civil or criminal.  In general, a case will involve indirect, civil contempt if the alleged violation of the court order occurred outside the presence of the court, and if the confinement for the contempt is conditional, with

the contemnor being freed if he or she agrees to do as ordered.[2] Such was the case here. Ms. Hansen's alleged violation of the court order occurred outside the presence of the court, and although the court ordered a prison term, it provided that Ms. Hansen would be freed if she returned her children to the jurisdiction.

R.C. 2705.03 provides that one alleged to be in indirect contempt shall have the opportunity to be heard in court. Due process requires that notice be reasonably calculated to reach an individual alleged to be in civil contempt.[3] Ms. Hansen argues that there was not proper service of Mr. Hansen's contempt motion because that motion was served on her attorney, not on her directly. She contends that direct service of the motion was required. Mr. Hansen argues that, under Civ.R. 5(B), service on Ms. Hansen's attorney was sufficient.

In most instances, after service of the original summons, Civ.R. 5(B) provides that an attorney is an agent for his or her client for purposes of service. But we conclude that this contempt proceeding was not such a case. Contempt proceedings are *sui generis* in the law: "they bear some resemblance to suits in equity, to criminal proceedings and to ordinary civil actions; but they are none of these. * * * The power to punish for contempt is said to be inherent in the courts and to exist independently from express constitutional provision or legislative enactment."[4] One treatise explains:

"It has been held that a proceeding for contempt to enforce a remedy in a civil action is a proceeding in that action * * *. It has been held, however, that while the proceeding is auxiliary to the main case in that it proceeds out of the original case, it is essentially a new and independent proceeding in that it involves new issues and must be initiated by the issuance and service of new process."[5]

Considering the unique nature of contempt proceedings—as well as the fact that the alleged contemnor is the person who faces punishment, not the attorney—we do not believe that service of the contempt motion on Ms. Hansen's

---

2. See *McGill v. McGill* (1982), 3 Ohio App.3d 455, 457, 445 N.E.2d 1163, 1165 ("direct contempt essentially involves conduct in the actual or constructive presence of the court which obstructs the administration of justice"); *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 253–254, 416 N.E.2d 610, 613 (comparing civil and criminal contempt).

3. *McGill, supra*, at 457, 445 N.E.2d at 1166.

4. *Cincinnati v. Cincinnati Dist. Council 51* (1973), 35 Ohio St.2d 197, 201–202, 299 N.E.2d 686, 691.

5. 17 Corpus Juris Secundum (1963) 159–160, Contempt, Section 62(6); see, also, *Hannaford v. Hannaford* (Feb. 7, 1983), Montgomery App. No. CA 7892, unreported, 1983 WL 4799 ("appellee, by initiating contempt proceedings against appellant, was asserting a new and additional claim for relief, or remedy, against him, namely a contempt order and a possible jail term").

attorney was enough. We agree with cases that have held that contempt motions do not fall under Civ.R. 5(B) and that there generally must be an attempt to serve such motions on the alleged contemnors directly.[6]

Here, direct service on Ms. Hansen was never even attempted, much less made. There is no evidence that Ms. Hansen even received notice of the contempt motion from her attorney. Thus, we need not decide whether, absent direct service, actual notice would have sufficed.[7] In fact, after the attorney was served with the contempt motion, the attorney filed a motion to withdraw, specifically stating that she had been unable to contact Ms. Hansen. Now, a body attachment, equal to an arrest warrant, remains outstanding against Ms. Hansen. Under such circumstances, we hold that Ms. Hansen's due process rights were violated. Ms. Hansen's first two assignments are sustained.

We are aware that some other jurisdictions that have addressed the issue of service of a contempt motion have held that service on an alleged contemnor's attorney is sufficient:

"It is recognized in a number of jurisdictions that where a party has been served with process and has appeared by attorney, and an order has been made, service of a contempt citation may be made on the attorney upon a violation of such order, where this is permitted by statute, court rule, or settled practice."[8]

In Ohio, there is no statute, court rule, or settled practice that would compel us to hold that service on Ms. Hansen's attorney would have been sufficient. There is a paucity of authority on the subject. Because the issue here apparently has not been given much consideration, we believe this is a good opportunity to establish a principle that we believe best complies with notions of due process. We hold that, generally, a contempt motion must be served on the alleged contemnor, not only on his or her attorney.

---

**6.** See, e.g., *James v. James* (Feb. 12, 1996), Butler App. Nos. CA95–08–147 and CA95–09–155, unreported, 1996 WL 56014 ("[a]lthough appellant's counsel was served with a copy of the contempt motion, appellant was not served with the motion as required by R.C. 2705.03"); *Thompson v. Houser* (June 25, 1991), Greene App. No. 90–CA–53, unreported, 1991 WL 116663; but, see, e.g., *Quisenberry v. Quisenberry* (1993), 91 Ohio App.3d 341, 346, 632 N.E.2d 916, 919 (stating in dicta that service of a civil-contempt motion may be made on a party's attorney); *Klonowski v. Klonowski* (Dec. 20, 1984), Cuyahoga App. No. 48377, unreported, 1984 WL 6379.

**7.** See, e.g., *Rose v. Rose* (Mar. 31, 1997), Franklin App. Nos. 96APF09–1150 and 96APF11–1550, unreported, 1997 WL 142718 (holding that direct service of a contempt motion on the alleged contemnor was not necessary when the alleged contemnor had actual notice of the contempt hearing).

**8.** 17 American Jurisprudence 2d (1990) 537, Contempt, Section 184.

We do not hold that a contempt motion can never be served on an alleged contemnor's attorney. We can envision some circumstances where a court might conclude that service on an alleged contemnor's attorney is sufficient, such as when the alleged contemnor has concealed himself or herself in an attempt to avoid service. Here, though, there were no reasons that would have justified not attempting to serve Ms. Hansen directly. Therefore, we vacate the finding of contempt and the resultant body attachment. (Ms. Hansen also argues that Mr. Hansen did not comply with a requirement under R.C. 2705.03, which states that, in cases of indirect contempt, "a charge in writing shall be filed with the clerk of the court." That argument, however, is now moot.)

### III. Other Assignments

In her third assignment, Ms. Hansen claims that the court erred in ordering her to pay attorney fees. Specifically, she contends that the court did not have before it evidence that demonstrated that she was able to pay Mr. Hansen's attorney fees.

Under R.C. 3105.18(H), a domestic relations court is authorized to award attorney fees. The court must first find, among other things, that the party has the ability to pay such fees. A decision regarding the award of attorney fees will not be reversed absent an abuse of discretion.[9] An abuse of discretion means more than a mere error of law or judgment; it implies that the court's decision was unreasonable, arbitrary, or unconscionable.[10]

Here, we cannot say that the award of attorney fees was an abuse of discretion. Ample evidence of Ms. Hansen's income and other financial resources was adduced at the hearing regarding property division (that Ms. Hansen did not attend), and Ms. Hansen did not object to any of the findings in the magistrate's decision.[11] That evidence supports the court's finding that Ms. Hansen was able to pay Mr. Hansen's attorney fees. Ms. Hansen's third assignment is overruled.

In her fourth assignment, Ms. Hansen argues that the court erred in overruling her Civ.R. 60(B) motions. Civ.R. 60(B) provides relief from a judgment or order if a party can demonstrate three things. First, the party must show that it has a meritorious claim or defense to present if relief is granted. Second, the party must demonstrate that it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Third, the party must show that the motion is made within a reasonable time; if the grounds for relief fall under

---

**9.** *Ranz v. Ranz* (1988), 51 Ohio App.3d 66, 554 N.E.2d 142.

**10.** *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

**11.** Civ.R. 53(D)(3)(b).

Civ.R. 60(B)(1), (2), or (3), then the motion can not be made more than one year after entry of the judgment from which relief is sought.[12] An evidentiary hearing on a Civ.R. 60(B) motion is not required where the motion and attached evidentiary material do not contain allegations of operative facts that would warrant relief under the rule.[13] A court's decision with respect to a Civ.R. 60(B) motion will not be reversed absent an abuse of discretion.[14]

Here, one of Ms. Hansen's Civ.R. 60(B) motions concerned the court's finding of contempt. In light of our holding above that the court erred in finding Ms. Hansen in contempt, issues surrounding that Civ.R. 60(B) motion are now moot.[15] As for Ms. Hansen's other Civ.R. 60(B) motion, which challenged the court's decision regarding parental rights, a review of that motion reveals that she did not even allege any of the grounds set forth in Civ.R. 60(B)(1) through (5). Also, she did not set forth any statement that the motion had been brought within a reasonable time. Given her failure even to allege the elements that she was required to demonstrate under Civ.R. 60(B), we find no abuse of discretion in the court's denial of the motion without a hearing.

■■■ Ms. Hansen also claims that the court erred in denying that motion without reviewing it. In light of the deficiencies described above, we would not hold the failure to review the motion to be prejudicial error. In any event, the record indicates that the court had reviewed the motion prior to the time that it denied it. The fourth assignment is overruled.

■■■■ In her fifth assignment, Ms. Hansen contends that the court erred in its division of the marital property. Once again, the record does not demonstrate error. The court is afforded broad discretion to determine what constitutes an equitable division of property in divorce proceedings, and its ruling will not be reversed on appeal in the absence of an abuse of its discretion.[16]

Here, Ms. Hansen cites as abuses of discretion the magistrate's failure to account for Mr. Hansen's alleged spousal-support arrearage in the property division and the magistrate's award of two large assets to Mr. Hansen. But Ms. Hansen failed to object below to any of the findings and dispositions of property

12. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

13. *State ex rel. Richard v. Seidner* (1997), 78 Ohio St.3d 116, 117, 676 N.E.2d 889, 890.

14. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566.

15. See App.R. 12(A)(1)(c).

16. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293, paragraph two of the syllabus.

recommended in the magistrate's decision. Thus, she waived any claimed error in that decision.[17] The fifth assignment is overruled.

Therefore, pursuant to our rulings on Ms. Hansen's first and second assignments, we reverse that part of the trial court's judgment regarding contempt. In all other respects, the judgment is affirmed.

*Judgment affirmed in part*
*and reversed in part.*

DOAN, P.J., concurs.

HILDEBRANDT, J., dissents in part.

HILDEBRANDT, Judge, dissenting in part.

I concur in the majority's conclusion that the third, fourth, and fifth assignments of error must be overruled. However, because I also believe that the first two assignments of error must be overruled, I respectfully dissent in part.

As noted in the majority opinion, the standard for the sufficiency of service in a civil contempt case is service that is reasonably calculated to reach the alleged contemnor. In the case at bar, it is undisputed that the motion for contempt was served upon the attorney of record for Ms. Hansen in accordance with the mandates of Civ.R. 5. Nonetheless, the majority suggests that Civ.R. 5 is inapplicable to civil contempt proceedings.

I find no basis in the language of Civ.R. 5 upon which to hold such service invalid in contempt cases. The plain language of Civ.R. 5(B) states that "[w]henever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service *shall* be made upon the attorney unless service upon the party is ordered by the court." (Emphasis added.) It is not argued that there was a court order in the instant case requiring Ms. Hansen to be served. Thus, far from being insufficient under the Civil Rules, service upon the attorney was in fact mandated.

Moreover, as the majority concedes, there is ample authority for the proposition that service upon the attorney of record is sufficient to withstand a due process challenge in contempt cases.[18] These authorities are fundamentally sound and comport with the well-accepted notion of due process that notice may

---

**17.** Civ. R. 53(D)(3)(b).

**18.** *Quisenberry v. Quisenberry* (1993), 91 Ohio App.3d 341, 346, 632 N.E.2d 916, 919; *Klonowski v. Klonowski* (Dec. 20, 1984), Cuyahoga App. No. 48377, unreported, 1984 WL 6379; 17 American Jurisprudence 2d (1990) 537, Contempt, Section 184.

be given via a party's agent. The majority does not set forth any compelling reason to depart from this precept in a civil contempt matter.

In the case at bar, the record demonstrates that Ms. Hansen left the jurisdiction and in effect turned a deaf ear to the orders of the court. She should not be rewarded for her evasive conduct with a reversal of the contempt finding where it is undisputed that her attorney was served with the contempt motion, and where Ms. Hansen does not even allege that she failed to receive actual notice of the proceedings. Accordingly, I would affirm the judgment of the domestic relations court in its entirety. I therefore respectfully dissent in part.