OPINION
{¶ 1} On March 7, 2001, the common pleas court entered a permanent order pursuant to Civ.R. 53(E)(4)(c) adopting the magistrate's decision of the same date, which granted a divorce to Plaintiff, Paulette K. Cowgill, on her complaint. No objections were filed within fourteen days thereafter.
 {¶ 2} The divorce decree contained several provisions allowing the parties to "hold an auction between themselves" to determine which of them would receive a disputed marital asset. The recipient would then compensate the other party for the article at the agreed price. Those properties included a "time share" and the marital residence. The decree also provided that disputed articles of marital personal property would be divided, item by item and by alternative choices, after a coin toss to determine which would have the first choice.
 {¶ 3} On April 22, 2002, Defendant, Michael Cowgill, filed a motion asking the court to order Plaintiff to show cause why she should not be found in contempt for failing to take the steps to divide their marital property that the court had ordered, and for retaining properties that were subject to division. The motion contains a certificate of service showing that it was served on counsel for Plaintiff by ordinary mail.
 {¶ 4} The motion to show cause was set for hearing before the court on May 17, 2002, at 8:00 a.m. The scheduling order was prepared by counsel for Defendant. It contains a similar certificate of service on counsel for Plaintiff.
 {¶ 5} On May 28, 2002, the court journalized its judgment entry deciding the motion to show cause. The entry reflects that the hearing went forward as scheduled, and that Defendant, his attorney, and counsel for Plaintiff were present, but not Plaintiff. The court stated that it heard statements of counsel and testimony by the Defendant, which is shown by the transcript.
 {¶ 6} The court resolved the issues before it after conducting a coin toss to divide two lawn mowers that were in dispute. It also granted Defendant a judgment of $6,933.50 against Plaintiff for personal property the Plaintiff had retained, allowing it as a set-off against monies the Plaintiff owed Defendant. According to the court, the Plaintiff would net $850 in the process. The court further ordered that $6,083.50 of the Plaintiff's obligation "is in the nature of spousal support." The court also awarded Defendant certain attorney fees.
 {¶ 7} Plaintiff filed a timely notice of appeal from the trial court's order of May 28, 2002. She presents a single assignment of error.
 {¶ 8} "The trial court violated the plaintiffs' due process rights by holding a show cause hearing for which the plaintiff was not personally served."
 {¶ 9} Defendant has not filed an appellee's brief. Therefore, we may "accept (Plaintiff's) statement of the facts and issues as correct and reverse the judgment from which the appeal was taken if (Plaintiff's) brief reasonably appears to sustain such action." App.R. 18(C). It does, and we shall.
 {¶ 10} It is a well-established principle that notice and hearing, or an opportunity to be heard, are essential elements of due process of law. Stanton v. State Tax Commission (1926), 114 Ohio St. 658. In particular, notice and an opportunity to be heard are essential requisites of due process of law in judicial proceedings. Auglaize BoxBoard Co. v. Hinton (1919), 100 Ohio St. 505. A person deprived of property without an opportunity to be heard is deprived of due process of law. Warren Sanitary Milk Co. v. Board of Review, Bureau of UnemploymentCompensation (1961), 21 O.O.2d 407, 87 Ohio Law Abs. 195.
 {¶ 11} Due process of law is satisfied by a reasonable provision for probable communication of notice of an action to a party defendant, even though in a particular case the defendant may have remained ignorant of the pendency of the cause. Ashbrook v. Otto (1935), 2 O.O. 534. Due process does not require personal or actual notice when, by representation, notice to one person binds another without violation of due process. Thus, notice may be given to a person with whom a defendant is in privity in certain circumstances.
 {¶ 12} A civil action is commenced by filing a complaint, if service is obtained on the defendant within one year. Civ.R. 3(A). Service is accomplished by personal service of a summons and a copy of the complaint on the defendant. Civ.R. 4(A). Service may be actual or constructive, and accomplished by one of several methods for which the Civil Rules provide. Civ.R. 4 to 4.6.
 {¶ 13} After a defendant has been served and counsel of record appears in the proceedings on the defendant's behalf, any further service of pleadings or motions required by the Civil Rules shall be made in the manner that Civ.R. 5(A) prescribes. The rule applies only during the pendency of the proceeding, however. When relief is granted on the claims presented, in a final judgment or order, the proceeding terminates. Thereafter, any post-judgment proceedings constitute a new action in which service must be on the party, not on his attorney in the former proceeding. The requirement applies even in domestic relations actions in which the continuing jurisdiction of the court is invoked. Civ.R. 75(I).
 {¶ 14} Here, the proceedings on Plaintiff's complaint for divorce terminated when the court entered its decree of divorce on March 7, 2002. Therefore, even if the court had continuing jurisdiction to enforce the terms of the decree, proceedings alleging a default by Plaintiff and seeking enforcement of her obligations are separate proceedings for which notice must be served on her. Civ.R. 75(I). Indeed, service on a party's attorney of a contempt motion commencing such proceedings has been held to not constitute the minimum notice that due process requires. Hansenv. Hansen (1999), 132 Ohio App.3d 795.
 {¶ 15} The proof of service of Defendant's show cause motion, which presents charges in contempt for adjudication, show that service was made not on Plaintiff but on her counsel of record in the proceedings in the complaint for divorce. The notice of the hearing on the motions was similarly served. Plaintiff states in her brief that she "did not personally receive notice of the hearing, and therefore did not appear at the hearing." (Brief, p. 2) Had she been made aware of the hearing by her attorney, a different result might be reached. Hansen. That isn't demonstrated by this record, however, and Defendant's silence on the matter compels us to proceed on the assumption that Plaintiff was unaware of the contempt proceedings.
 {¶ 16} Though Plaintiff doesn't raise the issue, we note that the trial court's order of May 28, 2002 substantially modified the property division provisions of the March 7, 2002 decree of divorce by granting a money judgment against Plaintiff. These steps were taken to cure the prejudice the Defendant had suffered as a result of Plaintiff's contempt. However, the court is prohibited from subsequent modification of its orders dividing and distributing property in a final decree of divorce. R.C. 3105.171(I). The provisions of R.C. 3105.171(E)(3) concerning compensation for misconduct apply to the decree, not modifications of its provisions. In this instance, the court's alternatives were either to enforce the provisions of the decree or to vacate it pursuant to Civ.R. 60(B), if proper grounds for that relief were presented by motion.
 {¶ 17} The assignment of error is sustained. The trial court's judgment of May 28, 2002 deprived Plaintiff of property without due process of law because she lacked the notice that due process requires, which likewise renders the court's judgment void for lack of jurisdiction. Therefore, the judgment will be reversed and vacated, and the matter will be remanded to the trial court for further proceedings on the motion to show cause that Defendant filed on April 22, 2002. Unless service of the motion is obtained on Plaintiff pursuant to Civ.R. 4 to 4.6 within one year of that date, a new motion is advisable.
BROGAN, J. and YOUNG, J., concur.