OPINION
{¶ 1} On June 12, 2000, appellant, Antone Evans, and appellee, Deborah Evans, entered into an agreed judgment entry decree of divorce.
 {¶ 2} On September 19, 2005, appellee filed a motion to show cause and other relief, seeking to hold appellant in contempt for failing to maintain her health insurance coverage and failing to transfer stock to her per the agreed judgment entry. Following several continuances, a hearing was held on April 13, 2007.
 {¶ 3} Appellant and/or his attorney did not appear at the hearing and as a result, a bench warrant was issued for appellant's arrest. By order filed April 24, 2007, the magistrate awarded appellee as against appellant $10,936.00, and attorney fees in the amount of $5,056.35.
 {¶ 4} On April 26, 2007, appellant filed a motion for reconsideration of the April 13, 2007 hearing, claiming he and/or his attorney did not receive notice of the hearing. On May 7, 2007, appellant filed an objection and a motion to set aside the April 24, 2007 order, again raising the issue of failing to receive notice of the hearing. By decision filed May 11, 2007, the magistrate denied the motion for reconsideration. Within this decision was the trial court's entry approving and adopting the magistrate's April 24, 2007 order.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE TRIAL COURT DENIED APPELLANT ANTONE EVANS DUE PROCESS OF LAW WHEN PROCEEDING WITHOUT HIS ATTENDANCE AT A *Page 3 
SHOW CAUSE HEARING, DESPITE LACK OF NOTICE OF THE HEARING TO MR. EVANS."
 I {¶ 7} Appellant claims the trial court erred in failing to inform him of the show cause hearing, thereby denying him due process. We disagree.
 {¶ 8} Appellant argues neither he nor his attorney received notice of the hearing. There is no dispute that appellant was served with the contempt motion by personal service on October 5, 2005. Thereafter, appellant's attorney entered an appearance, acknowledged the November 2, 2005 hearing date, and requested a continuance. The request was granted and the matter was rescheduled for December 15, 2005. On December 8, 2005, appellant again requested a continuance, again the request was granted, and the hearing was rescheduled for January 25, 2006. On January 30, 2006, appellee amended her contempt motion which necessitated the scheduling of a pretrial telephone conference for April 25, 2006. This telephone conference was rescheduled to April 27, 2006 at appellee's request. All of the notices were sent to appellant's counsel, Dennis M. O'Neil.
 {¶ 9} On April 28, 2006, the hearing was rescheduled for July 31, 2006. The notice was sent to appellant's attorney, Dennis "O'Neal." Clearly, appellant's attorney's name was misspelled. This misspelling appeared on the July 31, 2006 notice rescheduling the hearing for October 11, 2006, and the December 1, 2006 notice rescheduling the hearing for the final date, April 13, 2007.
 {¶ 10} As noted in the magistrate's April 24, 2007 order, neither appellant nor his attorney appeared for the hearing: *Page 4 
 {¶ 11} "The Court finds that the Plaintiff and her counsel, Gerald L. Stebelton, appeared for hearing on a timely basis at 9:00 a.m. on April 13, 2007 at the designated time, but that neither the Defendant nor his counsel appeared. The Court furthermore finds that attempts to reach counsel for the Defendant, Dennis O'Neil, at his office were unsuccessful, although the court secretary did leave a message. The Court records clearly demonstrate that written notice of said hearing was given to Defendant's counsel on December 1, 2006. However, having not heard from the defense counsel by 9:17 a.m., the Court proceeded to hearing on this matter. The Court furthermore notes that this matter was previously set for hearing on December 1, 2006 at 9:00 a.m. and neither the Defendant nor his counsel appeared at that time and that upon the Court's call to Defendant's counsel's office, Mr. O'Neil explained that the scheduled hearing was not on his calendar."
 {¶ 12} The order went on to award appellee as against appellant $10,936.00 for failing to maintain her health insurance coverage and failing to transfer stock to her, and $5,056.35 for attorney fees. The order was sent to appellant's attorney with the misspelling corrected.
 {¶ 13} On April 26, 2007, appellant filed a motion for reconsideration of the April 13, 2007 hearing, claiming "no actual or constructive notice was given to the defendant or his attorney that said hearing was scheduled." On May 7, 2007, appellant filed an objection and motion to set aside the April 24, 2007 order, again raising the issue of failing to receive notice of the hearing. Within this document, appellant argued the lack of notice: *Page 5 
 {¶ 14} "3. No notice was in fact received by the counsel for the defendant of the April 13th, 2007 hearing. The first notice counsel for the defendant had of said hearing was at 9:38 AM when he retrieved a phone message from the Court. The defendant's counsel contacted the Court immediately.
 {¶ 15} "4. Upon information testimony was given on April 13th that the Defendant had notice of the April 13th hearing but chose not to attend. The defendant has had no communications with the Plaintiff since October of 2006. The defendant himself had no knowledge of the hearing until being contacted by his attorney by phone on April 13, 2007, at 10:11 AM. For this reason the plaintiff himself should be held harmless for not appearing."
 {¶ 16} On May 11, 2007, the magistrate denied appellant's motion for reconsideration. In the same document, the trial court signed an entry approving and adopting the magistrate's April 24, 2007 order. On May 21, 2007, appellant and his new counsel, Norman J. Ogilvie, Jr., filed a Civ. R. 60(B)(1), (3), and (5) motion for relief from judgment. This motion was never ruled upon because a timely notice of appeal was filed on May 25, 2007.
 {¶ 17} The gravamen of this case is whether the hearing notices complied with the civil rules.
 {¶ 18} We find the nature of the contempt in this case was essentially civil in nature. A contempt finding may be civil or criminal in nature. In Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253-254, the Supreme Court of Ohio discussed the distinction between civil and criminal contempt as follows: *Page 6 
 {¶ 19} "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment.* * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court.* * *" (Citations omitted.)
 {¶ 20} Pursuant to our ruling in Bierce v. Howell, Delaware App. No. 06CAF050032, 2007-Ohio-3050, ¶ 20, we find Civ. R. 5 applies and notice to appellant's attorney was sufficient:
 {¶ 21} "Therefore, we find this contempt to be civil in nature, and we conclude that the Civil Rules regarding notice apply. It is not in dispute that appellant was served by certified mail with the Motion to Show Cause and that appellant received that notice. This service complies with Civil Rules 4 and 4.1. When the parties failed to settle the matter, the trial court sent out a notice by regular mail to appellant and to appellant's counsel which set a hearing date on the motion. This notice complies with Civil Rule 5(A) and (B). Civil Rule 5(A) provides that subsequent notices shall be served on each of the parties, and Civil Rule 5(B) provides that, if a party is represented by an attorney of record in the proceedings, service shall generally be made on the attorney. Civil Rule 5(B) permits this notice to be by regular mail." *Page 7 
 {¶ 22} We further find the inadvertent misspelling of Attorney O'Neil's name (O'Neal) did not affect the validity of the service. In appellant's May 7, 2007 objection and motion to set aside judgment entry, Mr. O'Neil acknowledged that the trial court had his proper phone number and address.
 {¶ 23} We note in her brief at 7, appellee argues appellant "waived his objection to the sufficiency of the notice, and its service, by failing to object within the time established by Rule 53(D)(2)(b) of the Ohio Rules of Civil Procedure." Said section refers to magistrate's orders. Civ. R. 53(D)(2)(b)(i) explains a magistrate's order as follows:
 {¶ 24} "Subject to the terms of the relevant reference, a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party."
 {¶ 25} While the April 24, 2007 filing is labeled "Judgment Entry" and stamped "Magistrate Order," we find the order is dispositive of appellee's claims and is therefore a "Magistrate's decision" under Civ. R. 53(D)(3). Under Civ. R. 53(D)(3)(b)(i), appellant timely filed his objection to the April 24, 2007 filing.
 {¶ 26} Because service was proper under Civ. R. 5, we find the arguments herein to be without merit.
 {¶ 27} The sole assignment of error is denied. *Page 8 
 {¶ 28} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.
 By Farmer, J. Hoffman, P.J. and Edwards, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is affirmed. *Page 1