[Cite as *Ontario Teachers Plan Bd. v. Endurance Partners*, 2013-Ohio-2267.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ONTARIO TEACHERS PLAN BOARD, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 MA 66 |
| V. | ) | |
| | ) | OPINION |
| ENDURANCE PARTNERS, LLC et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 201FJ26

JUDGMENT: Affirmed

APPEARANCES:

For Plaintiff-Appellee Attorney Frederick S. Coombs
P.O. Box 6077
Youngstown, Ohio 44501

For Defendants-Appellants Attorney David C. Comstock
100 E. Federal Street, Suite 926
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: May 29, 2013

DONOFRIO, J.

{¶1} Defendants-appellants, Endurance Partners LLC and Edwin Yeo III, appeal from a Mahoning County Common Pleas Court judgment finding Yeo in contempt of court.

{¶2} This case originated from a judgment entry issued by the Supreme Court of the State of New York. Plaintiff-appellee, the Ontario Teachers Pension Plan Board, filed a motion in the trial court to enforce the foreign judgment.

{¶3} Appellee next filed a request for a debtor's examination of Yeo. The trial court signed the order on November 4, 2010, which required Yeo to appear at appellee's attorney's office on November 22, 2010, to answer, under oath, questions concerning his property and assets.

{¶4} Yeo did not appear on the scheduled date. Therefore, on December 21, 2010, appellee filed a motion for Yeo to appear and show cause why he should not be held in contempt. On December 28, 2010, the trial court granted the motion and entered an order directing Yeo to appear before the court and show cause why he should not be held in contempt for failure to appear at the debtor's examination.

{¶5} Yeo filed a memorandum in opposition where he asserted that he was never served with the order for the debtor's examination and, therefore, he could not be in contempt of that order.

{¶6} Yeo next filed a motion for continuance of the show cause hearing stating that he was not medically able to attend or participate in the hearing because of a recent stroke, which he stated left him unable to participate in stressful situations at that time.

{¶7} On appellee's motion, a magistrate subsequently entered a decision ordering Yeo to appear for an independent medical examination, to produce certain documents previously requested, and to appear for a debtor's examination within the latter of 30 days of the decision or 40 days from the date of the medical examination.

{¶8} Yeo then filed a motion to vacate or reconsider the magistrate's decision ordering the medical examination, production of documents, and debtor's examination.

**{¶9}**  On July 6, 2011, appellee filed another motion for an order to show cause why Yeo should not be held in contempt, this time for failing to produce the requested documents within the time prescribed by the magistrate's decision.

**{¶10}** On August 16, 2011, the trial court overruled Yeo's motion to reconsider or vacate the magistrate's decision due to its untimely filing.

**{¶11}** On December 1, 2011, appellee filed another motion for an order for Yeo to appear and show cause why he should not be held in contempt for his failure to appear for the medical examination and again for his failure to produce the requested documents.

**{¶12}** On December 6, 2011, the magistrate entered a decision granting appellee's motion and ordering Yeo to appear before the court on January 6, 2012, to show cause why he should not be held in contempt.

**{¶13}** On January 10, 2012, the magistrate entered a decision stating that at the scheduled January 6 show cause hearing, Yeo's counsel appeared but Yeo did not.  The magistrate found that Yeo was served with a copy of the December 6 order, both by regular mail and via his counsel, who reported that he forwarded the order to Yeo.  The magistrate also found, "[t]here is no indication that Mr. Yeo did not receive notice of the Order.  The magistrate further found there was no reason given at the hearing for Yeo's failure to comply with the court's May 25, 2011 order directing him to produce documents and appear for a medical examination.  He found that Yeo's continued resistance to the court's orders caused unnecessary expense to appellee in the form of the fee paid to the doctor who was to conduct the medical examination and for continued legal expenses.  Thus, the magistrate found Yeo in contempt.  He directed Yeo to reimburse appellee $3,275 for the services of the doctor and $2,900 for attorney fees.

**{¶14}** Yeo filed a motion to set aside the magistrate's decision asserting that he was never served with the December 6 order.  The trial court denied the motion. It found that because Yeo had appeared through counsel during these proceedings, he was deemed to be served by any delivery of the process or notice to his counsel.

**{¶15}** Appellants filed a timely notice of appeal from the trial court's judgment denying the motion to set aside the magistrate's decision.

**{¶16}** This court sent the case back on a limited remand for the trial court to amend its judgment entry to define the rights, duties, and obligations of the parties.

**{¶17}** The trial court entered its amended judgment entry on June 28, 2012. The court stated it would consider Yeo's motion to set aside the magistrate's decision as an objection. It considered the objection. The court then found Yeo was deemed to be served by any delivery of the process or notice to his counsel of record. Citing, *Quisenberry v. Quisenberry*, 91 Ohio App.3d 341, 632 N.E.2d 916 (2d Dist.1993). Thus, the court denied Yeo's objection. The court then went on to find Yeo in contempt for his failure to abide by the terms of the May 25, 2011 order as well as prior orders of the court. It directed Yeo to reimburse appellee for the previous stated sums. It further ordered Yeo to provide appellee with available dates within the next two months when he could appear for the medical examination.

**{¶18}** Appellants now raise a single assignment of error that states:

THE TRIAL COURT ABUSED ITS DISCRETION BY RULING THAT MR. YEO WAS SUCCESSFULLY SERVED WITH THE COURT'S DECEMBER 6, 2010 [sic.] CONTEMPT ORDER.

**{¶19}** Appellants argue the trial court abused its discretion in finding that Yeo was successfully served with the December 6, 2011 order. Without perfected service, appellants contend, Yeo could not have been found in contempt. Appellants assert the order was sent to Yeo's counsel, not to Yeo. They assert that service on a party's counsel is not sufficient service on the party for contempt purposes. Further, they assert the regular mail service to Yeo was returned and was unable to be forwarded. Therefore, appellants contend Yeo was never served with the order.

**{¶20}** We review a trial court's contempt finding for abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75, 573 N.E.2d 62 (1991). An abuse of discretion is more than an error of law or judgment; it implies that the trial court's

judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶21}** In contempt cases, "a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel." R.C. 2705.03. Due process requires that notice be reasonably calculated to reach a person alleged to be in contempt of court. *Hiscox v. Hiscox*, 7th Dist. No. 06-CO-18, 2007-Ohio-1124, ¶47.

**{¶22}** Appellants claim that Yeo was never personally served with notice of the December 6, 2011 magistrate's decision ordering Yeo to appear before the court to show cause why he should not be held in contempt. They do not dispute the fact that Yeo's counsel was served with the order. Likewise, they do not dispute the fact that Yeo's counsel forwarded the order to him.

**{¶23}** The docket reflects a copy of the December 6 order was mailed to Yeo's counsel.[1] The parties state that a copy was also mailed to Yeo via regular mail. Yeo contends he never received it. The record reflects, however, that the court attempted to personally serve Yeo through the sheriff's office with a copy of the order and that the sheriff's office failed to serve him. Either way, Yeo's counsel received a copy of the order and Yeo contends this was not sufficient service. At the show cause hearing, Yeo's attorney appeared. Yeo's attorney reported to the court that he forwarded the show cause order to Yeo.

**{¶24}** In support of their position, appellants rely on a single case, *Hansen v. Hansen*, 132 Ohio App.3d 795, 726 N.E.2d 557 (1st Dist.1999). In *Hansen*, Mr. Hansen filed a motion for contempt against Ms. Hansen for violating a custody order. Mr. Hansen served that motion on Ms. Hansen's attorney. The court held a hearing, but Ms. Hansen did not appear. The court found her in contempt.

**{¶25}** Ms. Hansen appealed. She argued, among other things, that the court erred in finding her in contempt because she was not given proper notice of the contempt proceedings and, thus, her due process rights were violated.

---

1 This is the same counsel who represents appellants in this appeal.

**{¶26}** The First District agreed. It found that in most cases an attorney is an agent for his client for purposes of service. *Id.* at 799. However, it found that, "[c]onsidering the unique nature of contempt proceedings-as well as the fact that the alleged contemnor is the person who faces punishment, not the attorney[,]" the service on Ms. Hansen's attorney was not sufficient. *Id.* The court stated that it agreed with other cases that had held there generally must be an attempt to serve such motions personally on the alleged contemnor. *Id.* at 800. It went on to reason:

> Here, direct service on Ms. Hansen was never even attempted, much less made. There is no evidence that Ms. Hansen even received notice of the contempt motion from her attorney. Thus, we need not decide whether, absent direct service, actual notice would have sufficed. In fact, after the attorney was served with the contempt motion, the attorney filed a motion to withdraw, specifically stating that she had been unable to contact Ms. Hansen.

*Id.* Thus, the court found that Ms. Hansen's due process rights were violated.

**{¶27}** The case at bar has two significant factual distinctions from *Hansen*. First, in this case, the court did attempt to personally serve Yeo with the show cause order. It sent a sheriff's deputy to Yeo's last known address in an attempt to serve him. This attempt was unsuccessful; however, the attempt was made. Second, and even more importantly, Yeo's attorney received a copy of the order and reported to the court that he forwarded the order to Yeo. (Magistrate's Jan. 10, 2012 Order). Yeo has not disputed this fact. Thus, Yeo had *actual notice* of the order.

**{¶28}** Additionally, other courts have found that service on a party's attorney is sufficient notice for contempt. See *Evans v. Evans*, 8th Dist. No. 2007CA00034, 2008-Ohio-2640 (notice to party's attorney of contempt hearing was good service); *Quisenberry*, 91 Ohio App.3d 341 ("because a motion for contempt is a written motion as contemplated by Civ.R. 5, process may be served in accordance with the methods permitted by that rule, i.e., by delivery, facsimile transmission, or ordinary

mail service to the party or attorney representing that party").

**{¶29}** Moreover, we need not determine whether service on a party's attorney is sufficient notice for contempt because this court has found that "[p]roper service is not required if the alleged contemnor has *actual notice* of the contempt charges pending against her." (Emphasis added.) *Hiscox*, 7th Dist. No. 06-CO-18, ¶47.

**{¶30}** In this case, Yeo's attorney represented to the court at the contempt hearing that he had forwarded the show cause order to Yeo. Appellants do not dispute that counsel forwarded the order to Yeo. Thus, Yeo had actual notice in this case.

**{¶31}** Accordingly, appellants' sole assignment of error is without merit.

**{¶32}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, J., concurs.