[Cite as *W2 Properties, L.L.C. v. Haboush*, 196 Ohio App.3d 194, 2011-Ohio-4231.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| W2 PROPERTIES, L.L.C., | : | APPEAL NO. C-100698 |
| | | TRIAL NO. 09CV-02818 |
| v. | : | |
| HABOUSH et al., | : | *D E C I S I O N.* |
| Appellees; | : | |
| | : | |
| SPRING VALLEY BANK et al., | : | |
| | : | |
| Appellants; et al. | : | |
| | | Civil Appeal from |
| | : | Hamilton County Municipal Court |
| | : | |
| | : | |
| | : | |
| | | Judgment Appealed from is: |
| | : | Affirmed in part, reversed in part, and |
| | | cause remanded. |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

Date of Judgment Entry on Appeal: August 26, 2011

Edward C. Noe and Peter C. Link, for appellees.

Gerald J. Robinson, for appellants.

Per Curiam.

**{¶ 1}** Spring Valley Bank and Gerald J. Robinson appeal from the judgment of the Hamilton County Municipal Court denying their motion for relief from a default judgment. We reverse the trial court's judgment to the extent that the motion challenged the amount of the damages awarded, and we remand the case to the trial court for a hearing on the issue of damages.

**{¶ 2}** Although the default judgment involves a fraud claim, this action began as one for forcible entry and detainer, involving rental property located at 3222 Brotherton Road, brought by W2 Properties, L.L.C., against the appellees, Fares[1] and Najat Haboush. W2 alleged that the Haboushes had breached the terms of a lease/option-to-buy agreement executed in April 2008.[2] W2 sought restitution of the premise and damages in an amount not to exceed $7,500.

**{¶ 3}** In their answer, the Haboushes set forth several affirmative defenses, including challenges to the validity of the lease and W2's ownership of the property, which the Haboushes had once owned. Simultaneously, the Haboushes filed a counterclaim against W2 and a third-party complaint naming Spring Valley and Robinson, the appellants, along with others, as third-party defendants. In this counterclaim/third-party complaint, the Haboushes generally alleged that they had been fraudulently induced to sell the property to W2 and to enter into the challenged lease agreement.

---

[1] This party identified himself as "Fares" in paragraph one of his counterclaim/third-party complaint and is misidentified as "Fred" in the notice of appeal and as "Freb" in the caption of the original complaint.

[2] In a supplemental complaint, W2 additionally sought relief on the grounds that the Haboushes were holdover tenants.

**{¶ 4}** Specifically, the Haboushes alleged that they had owned the property and that Spring Valley had held a mortgage on it. Spring Valley had properly foreclosed on the mortgage after the Haboushes had been unable to make their mortgage payments.

**{¶ 5}** The property had been set to be sold at a Hamilton County sheriff's foreclosure sale on April 24, 2008. Unknown to the Haboushes, Spring Valley had filed a praecipe to withdraw the property from the sheriff's sale on the morning of the scheduled sale. The Haboushes had been instructed to appear at the bank's offices that afternoon. When they appeared, Robinson, the president of Spring Valley, and others allegedly told the Haboushes that the property would be sold at the sheriff's sale within ten minutes unless they signed documents that authorized a "loan" to prevent the sheriff from selling the property.

**{¶ 6}** According to the Haboushes, when they tried to review the "loan" documents, they were told that they did not have enough time to do so if they wanted to save the property from the sheriff's sale. Further, the Haboushes claimed that they were not told they would lose ownership of the property and that W2 would be the new owner if they signed the documents. Finally, the Haboushes claimed that they would not have contracted with W2 absent the misrepresentations.

**{¶ 7}** As remedies, the Haboushes sought the "avoidance of documents," an accounting of rent that W2 had collected from the other tenants of the property, attorney fees, and monetary damages "in an amount to be determined at a trial."

**{¶ 8}** Spring Valley and Robinson did not answer the Haboushes' third-party complaint or otherwise appear in the action. The Haboushes moved for default judgment against Spring Valley and Robinson in July 2009. With respect to damages, they stated that they would testify at a damages hearing and that "[t]he evidence [would] show that

3

Spring Valley Bank and Gerald J. Robinson caused each movant to suffer damage[s] to the extent of the monetary jurisdiction of the court."

{¶ 9} Subsequently, all the claims and counterclaims between W2, the Haboushes, and the third-party defendants other than Spring Valley and Robinson were resolved or dismissed.

{¶ 10} In March 2010, the trial court entered a default judgment against Spring Valley and Robinson and awarded damages to the Haboushes without holding an evidentiary hearing. The court's entry provided that "the Plaintiffs are entitled to Judgment in their favor against [Spring Valley and Robinson] in the maximum jurisdictional amount allowed by this Court, being the sum of $15,000.00 against each Defendant. Totaling the sum of $30,000.00 total, to be paid jointly and/or severally by the above named Defendants [Spring Valley and Robinson.]"

{¶ 11} Six months later, Spring Valley and Robinson moved for relief from the default judgment in a motion captioned as a motion "to void judgment." The trial court denied the motion. This appeal followed.

{¶ 12} In their sixth assignment of error, which we address first, Spring Valley and Robinson contend that the trial court erred by granting summary judgment to the Haboushes when the Haboushes did not move for summary judgment. We overrule this assignment of error because the record does not demonstrate that the trial court granted summary judgment for the Haboushes. Further, the order appealed in this case is the order denying the motion to vacate the default judgment.

{¶ 13} Spring Valley's and Robinson's remaining assignments of error address the trial court's denial of their motion for relief from the default judgment. We address these assignments of errors collectively.

*Defective Service of Process*

{¶ 14} Spring Valley and Robinson contend that the judgment should have been set aside because service of process was defective. A default judgment rendered without proper service is void.[3] A court has inherent power to vacate a void judgment.[4]

{¶ 15} Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence.[5] In this case, the Haboushes instructed the clerk to serve Spring Valley and Robinson with the summons and complaint at an appropriate location by certified mail. Civ.R. 4.1(A) provides that service of process may be made by certified mail "[e]videnced by return receipt signed by any person." Further, the rule requires the clerk to place a copy of the process and complaint to be served in the envelope to be delivered, and then to file in the record of the action the signed return receipt.[6]

{¶ 16} Here, the record contains signed return receipts for Spring Valley and Robinson, and thus the presumption of proper service applies. In their motion for relief from judgment, Spring Valley and Robinson did not present evidence to rebut this presumption. Rather, they challenged the presumption itself, contending that service is not perfected unless the record contains both the signed return receipt and a copy of the complaint attached to that receipt. This argument is feckless.

{¶ 17} The presumption of proper service by certified mail applies where the record contains a signed return receipt for the envelope delivered that should have contained the summons and complaint. Civ.R. 4.1(A) does not require the clerk to file a copy of the served complaint with the signed return receipt.

---

[3] *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 133 N.E.2d 606; *Cincinnati Ins. Co. v. Emge* (1997), 124 Ohio App.3d 61, 63, 705 N.E.2d 408, citing *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, syllabus; *United Home Fed. v. Rhonehouse* (1991), 76 Ohio App.3d 115, 123, 601 N.E.2d 138; *Caldwell v. Alston* (Oct. 2, 1996), 1st Dist. No. C-950688.

[4] *Lincoln Tavern*; *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941, cited in *Cincinnati Ins. Co.* and *Caldwell*.

[5] *Caldwell*, citing *In re Estate of Popp* (1994), 94 Ohio App.3d 640, 650, 641 N.E.2d 739.

[6] Civ.R. 4.1(A).

{¶ 18} At oral argument before this court, Spring Valley and Robinson asserted for the first time that the office staff member who signed for the certified mail had signed for empty envelopes. We cannot consider this representation, because it was not presented to the trial court. A reviewing court is prohibited from adding matter to the record before it that was not a part of the trial court's proceedings and then deciding the appeal on the basis of the new matter.[7]

{¶ 19} Where the record contains signed return receipts for the delivered envelopes, we presume that the clerk actually placed the Haboushes' summons and complaint in the envelopes and that service was perfected by certified mail in accordance with Civ.R. 4.1(A).[8] Thus, the record does not demonstrate that the judgment was void, and the trial court did not err by failing to grant the appellants' motion on that basis.

*Civ.R. 60(B)*

{¶ 20} The civil rules specifically provide that a judgment by default may be set aside in accordance with Civ.R. 60(B).[9] That rule allows the court to set aside judgments "[o]n motion and upon such terms as are just" for the following reasons (1) "mistake, inadvertence, surprise, or excusable neglect," (2) newly discovered evidence, (3) fraud, (4) the satisfaction, release, or discharge of the judgment, or (5) "any other reason justifying relief from the judgment."[10]

{¶ 21} A movant must demonstrate three criteria to prevail on a motion to set aside a default judgment. First, the motion must be filed by the time limits set forth in the rule.[11] Second, the movant must be entitled to relief under one of the grounds listed in

---

[7] *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus, cited in *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 654 N.E.2d 1254.
[8] Civ.R. 4.1(A).
[9] Civ.R. 55(B).
[10] Civ.R. 60(B).
[11] Civ.R. 60(B).

6

Civ.R. 60(B)(1) through (5). And third, the movant must have a colorable defense or claim to present if the motion is granted.[12] The grant or denial of a motion for relief from judgment lies in the trial court's sound discretion.[13]

{¶ 22} Spring Valley and Robinson met the timeliness requirement. And we construe their less than precise arguments to contend that, as presented to the trial court, they were entitled to relief for the following reasons: (1) the court did not serve them with notice of the default judgment, (2) the foreclosure decree satisfied the judgment, (3) the Haboushes failed to present evidence that Robinson was acting other than as an employee of Spring Valley when he made the misrepresentations, and (4) the trial court awarded damages without any evidence of damages. But Spring Valley and Robinson have not specified which section of Civ.R. 60(B)(1) through (5) entitles them to relief or cited any case law in support of their claims.

*Civ.R. 60(B)(1) through (4)*

{¶ 23} After reviewing their arguments, we hold that Spring Valley and Robinson did not set forth operative facts to satisfy the criteria for relief under Civ.R. 60(B)(1) through (4). Contrary to the arguments of Spring Valley and Robinson, the clerk's failure to serve them with notice of the default judgment does not affect the validity of the judgment,[14] and the failure does not qualify as a reason to vacate the default judgment.[15] The defendants did not receive notice of the judgment, because they were in default for failing to appear.[16]

{¶ 24} Further, although Civ.R. 60(B)(4) allows the trial court to grant relief when the movant demonstrates the satisfaction, release, or discharge of the judgment, the

---

[12] *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113.
[13] Id. at 150.
[14] Civ.R. 58(B).
[15] Civ.R. 60(B)(1) through (4).
[16] Civ.R. 58(B).

7

decree of foreclosure did not, as a matter of law, provide proof that the judgment for fraud had been satisfied where the fraud occurred after the foreclosure.

{¶ 25} Finally, a Civ.R. 60(B) motion is not a substitute for an appeal, and therefore, to proceed under Civ.R. 60(B)(1) through (4), a claimant must demonstrate a ground for relief in addition to setting forth a colorable defense or claim to present if the motion is granted. Because Spring Valley and Robinson failed to demonstrate a ground for relief under Civ.R. 60(B)(1) through (4), we end our analysis under those sections.

*Civ.R. 60(B)(5)*

{¶ 26} The sole remaining issue is whether Spring Valley and Robinson demonstrated that they were entitled to relief under Civ.R. 60(B)(5), the catchall provision.

{¶ 27} The phrase "any other reason justifying relief from the judgment" in Civ.R. 60(B)(5) is intended to relieve a person from the unjust operation of a judgment.[17] The provision may not be used as a substitute for the more specific provisions of Civ.R. 60(B), and the grounds for invoking the provision must be substantial.[18] Substantial grounds exist in very limited circumstances, such as where the amount awarded is not supported by the record.[19] To that end, courts have held that "where the amount awarded by the trial court in a default judgment is not supported by either an evidentiary hearing

---

[17] *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365, paragraphs one and two of the syllabus. See also *Watts v. Forest Ridge Apartments & Town Homes*, 1st Dist. No. C-060079, 2007-Ohio-1176, at ¶ 12 (upholding the trial court's grant of a motion to set aside a default judgment under Civ.R. 60(B)(5) where the judgment taken by default was substantially greater than the resulting prejudice.)

[18] *Caruso-Ciresi*, note 17. See also *Mercy Franciscan Hosp. v. Willis*, 1st Dist. No. C-030914, 2004-Ohio-5058, at ¶ 4-6 (holding that substantial grounds existed to vacate the judgment under Civ.R. 60(B)(5) where the complaint failed to state a ground for relief).

[19] *Capital-Plus, Inc. v. Consol. Ambulance Serv. Corp.*, 10th Dist. No. 02AP-772, 2003-Ohio-759, at ¶ 15-16, applying *Carr v. Charter Natl. Life Ins. Co.* (1986), 22 Ohio St.3d 11, 13, 488 N.E.2d 199.

or evidence in the record, the trial court abuses its discretion in denying relief from the damages portion of the default judgment."[20]

{¶ 28}   Spring Valley and Robinson challenged the amount of the award in their motion for relief from judgment.   To evaluate the merits of Spring Valley's and Robinson's collateral attack on the amount of the damages awarded, we must review the law on the award of damages in a default judgment.

{¶ 29}   Before granting default judgment, the trial court must ascertain what damages are appropriate.[21]   The court has discretion in doing so,[22] but that discretion is limited.[23]   For example, Civ.R. 54(C) provides that a judgment by default "shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."[24] Further, case law holds that a damages hearing may not be necessary when the damages are definite, such as a liquidated claim, or where the damages are otherwise discernable from the record, but a hearing may be necessary when the damages are not definite, such as in a negligence action.[25]

{¶ 30}   In this case, the Haboushes did not request a specific amount of damages in their complaint; rather, they requested an accounting from W2 for the rent that it had received from the other tenants of the property, an undetermined sum for attorney fees, and a judgment "in an amount to be decided at trial."   In their motion for default

---

[20]   Id. at ¶ 16, citing *Carr*; *Nicol v. Cecutti* (May 12, 1988), 10th Dist. No. 87AP-1192; *Stanger v. Hughes* (Mar. 31, 1994), 10th Dist. No. 93APG09-1287.   See also *Heckman v. Porter*, 5th Dist. No. 2002CA00380-381, 2003-Ohio-3135, at ¶ 14-15; *Bailey v. Toopes* (Sept. 30, 1994), 2nd Dist. No. 94-CA-13.
[21]   *Capital-Plus*, supra note 19.   See also Civ.R. 55(A).
[22]   Civ.R. 55(A).
[23]   Id.; See also Civ.R. 55(C).
[24]   Civ.R. 54(C).
[25]   *Buckeye Supply Co. v. Northeast Drilling Co.* (1985), 24 Ohio App.3d 134, 493 N.E.2d 964, cited in *K. Ronald Bailey & Assoc. Co., L.P.A. v. Soltesz*, 6th Dist. No. E-05-077, 2006-Ohio-2489; *Coleman v. Gerdsen* (Dec. 14, 1994), 1st Dist. No. C-930821.   See also *Cent. Mut. Ins. Co. v. Holmes* (June 23, 1982), 1st Dist. No. C-810839 (holding that "a party who seeks relief from a default judgment granted without an evidentiary determination of damages must demonstrate that the court abused its discretion under the circumstances to the prejudice of the complaining party").

judgment, the Haboushes stated that they were entitled to damages equal to the jurisdictional amount of the court and that they would establish those damages at a damages hearing. But the trial court did not hold a damages hearing before making its award.

{¶ 31} The Haboushes contend that the trial court could discern their damages from a document that W2 had attached to the original complaint that established the value of the property at $53,800. But we are unable to comprehend how the value of the property that Spring Valley had validly foreclosed upon established the amount of the Haboushes' damages for misrepresentations that led to the sale of property to W2. The trial court simply could not discern the amount of damages from this record.

{¶ 32} Finally, we are also unable to overlook the internal inconsistencies in the trial court's judgment and the jurisdictional questions raised by the judgment. The court awarded damages to each plaintiff against each defendant in the amount of $15,000, calculated the total award as $30,000, and then ordered the sum to be paid jointly and/or severally by the defendants. The relevant statutory provision limits the municipal court's jurisdiction to cases "in which the amount claimed by any party * * * does not exceed fifteen thousand dollars."[26]

{¶ 33} For all of these reasons, we are convinced that the trial court abused its discretion by denying Spring Valley's and Robinson's motion for relief from the default judgment to the extent that the motion challenged the amount of the damages award. Thus, we sustain the third assignment of error in part but overrule the remaining assignments of error.

*Conclusion*

---

[26] R.C. 1901.17.

{¶ 34}   Despite Spring Valley's and Robinson's failure to appear in the trial court and defend against the Haboushes' fraud claim, because the record contains an inadequate basis to support the quantum of damages, we reverse in part the judgment of the trial court denying Spring Valley's and Robinson's motion for relief from the judgment. Accordingly, we remand the case to the trial court for a hearing on the issue of damages.[27] The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part
and reversed in part,
and cause remanded.

SUNDERMANN, P.J., and HENDON and CUNNINGHAM, JJ., concur.

---

[27] *Capital-Plus*, a note 19, at ¶ 19, citing *Carr*.