[Cite as *W2 Properties, L.L.C. v. Haboush*, 2013-Ohio-2556.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| W2 PROPERTIES LLC, | : | APPEAL NO. C-120366 |
| | | TRIAL NO. 09CV-02818 |
| Plaintiff, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| FRED HABOUSH, | : | |
| | | |
| and | : | |
| | | |
| NAJAT EL-KEK, a.k.a. | : | |
| NAJAT HABOUSH, | | |
| | : | |
| Defendants/Third-Party | | |
| Plaintiffs-Appellants, | : | |
| | | |
| vs. | : | |
| | | |
| SPRING VALLEY BANK, | : | |
| | | |
| and | : | |
| | | |
| GERALD J. ROBINSON, | : | |
| | | |
| Third-Party Defendants- | : | |
| Appellees, | | |
| | : | |
| and | | |
| | : | |
| SCOTT W. BRAUER, et al., | | |
| | : | |
| Third-Party Defendants. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 21, 2013

*Bart B. Sharkey*, for Defendants/Third-Party Plaintiffs-Appellants,

*Lindhorst & Dreidame, Co., L.P.A.*, *Christopher H. Hurlburt* and *Gerald J. Robinson*, for Third-Party Defendants-Appellees.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Fred and Najat Haboush appeal from the judgment of the Hamilton County Municipal Court that dismissed their third-party claims for fraudulent inducement against Spring Valley Bank and Gerald J. Robinson. The trial court initially had entered default judgment on those claims, and later had denied relief from that judgment. We affirmed its denial with respect to all issues but damages, holding that a hearing was required to determine the appropriate amount. *W2 Properties LLC v. Haboush*, 196 Ohio App.3d 194, 2011-Ohio-4231, 962 N.E.2d 858 (1st Dist.) (*Haboush I*). On remand the trial court held a hearing on damages, but at its conclusion, it dismissed the claims against Spring Valley Bank and Robinson. For the following reasons, we hold that this was contrary to the law of the case, and we, therefore, reverse the trial court's judgment.

{¶2} Although we thoroughly discussed the background of this case in *Haboush I*, we repeat the pertinent facts here to better explain our reasoning. W2 Properties LLC ("W2") brought this action in forcible entry and detainer against the Haboushes, alleging that they had breached a lease/option-to-buy agreement concerning rental property that the Haboushes had once owned. In their answer, the Haboushes disputed W2's ownership of the property and the validity of the lease agreement. The Haboushes also filed a counterclaim against W2 and a third-party complaint against Spring Valley Bank, Robinson, and others, alleging that they had fraudulently induced them to sell the property to W2 and enter into the lease agreement.

{¶3} The trial court entered default judgment against Spring Valley Bank and Robinson after they failed to answer or otherwise appear in the action, and

without holding a hearing, "awarded damages to each plaintiff against each defendant in the amount of $15,000, calculated the total award as $30,000, and then ordered the sum to be paid jointly and/or severally by the defendants." *Haboush I* at ¶ 32.

{¶4} Spring Valley Bank and Robinson timely sought relief from that judgment, but their motion was denied. On appeal to this court, we held that the judgment was not void for defective service of process, and that the trial court had not erred in denying relief from judgment under Civ.R. 60(B)(1)-(4). *Id.* at ¶ 19 and 25. We concluded, however, that the trial court had abused its discretion in denying relief from judgment under Civ.R. 60(B)(5) with respect to its award of damages, in part because the trial court had not held a hearing on the issue. *Id.* at ¶ 33; *see, e.g.*, *L.S. Indus. v. Coe*, 9th Dist. No. 22603, 2005-Ohio-6736 (holding that "where the determination of damages [for a default judgment] necessarily requires consideration of information outside a written instrument, the trial court abuses its discretion in failing to hold an evidentiary hearing to determine the exact amount of damages"). We, therefore, remanded the cause to the trial court for a hearing on damages, but affirmed its judgment in all other respects. *Id.* at ¶ 34.

{¶5} On remand, the trial court held an evidentiary hearing on damages where it considered the testimony of Najat Haboush, her and Fred's son Chad Haboush, and appraiser Paul Wesselkamper. At its conclusion, the court announced:

> Based on the credibility of the witnesses that I've heard, I find that this was an arm's-length transaction here between all the parties. And that I agree with what [one of the witnesses] said, that if the seller could have got more than $47,000, they would have gotten more than $47,000. This was an agreed upon price with both sides

receiving a benefit. The Haboushes got out from under the mortgage, and the property was transferred. It's clear from all the paperwork here that this was a sale; the Haboushes in the settlement agreement, and the Settlement Statement, are referred to as "the seller." The name on it – and it's clear black and white. I don't find that, therefore, that there were no damages here to the Haboushes; that they sold it at the price that they wanted to sell it at. So I rule in favor of Mr. Robinson and Spring Valley Bank.

T.p. 122-123.

{¶6} The trial court's finding of no liability was borne out in its "amended judgment entry," which dismissed the claims against Spring Valley Bank and Robinson with prejudice. The Haboushes now appeal from that judgment, raising two assignments of error.

{¶7} In their first assignment of error, the Haboushes argue that the trial court erred in revisiting the issue of liability. It is axiomatic that "[a]bsent extraordinary circumstances * * * an inferior court has no discretion to disregard a mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. "The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15. "Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the

5

court is bound to adhere to the appellate court's determination of the applicable law. Moreover, the trial court is without authority to extend or vary the mandate given." (Internal citations omitted.) *Nolan* at 3-4.

{¶8}   In *Haboush I*, we affirmed the trial court's denial of relief from the default judgment against Spring Valley Bank and Robinson as to all issues but damages. Thus, when we remanded the cause to the trial court for the purpose of determining damages, the issue of Spring Valley Bank's and Robinson's liability was settled. *See GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 149-150, 351 N.E.2d 113 (1976) ("Regardless of whatever else may be said of a default judgment, it is a judgment. It is as good as any other judgment. It is a final determination of the rights of the parties."). Consequently, when the trial court premised its finding of no damages on a lack of liability and dismissed the Haboushes's claims, the court acted without authority and contrary to the law of the case. We, therefore, sustain the first assignment of error.

{¶9}   In their second assignment of error, the Haboushes alternatively argue that the trial court erred in denying their motion for a new trial under Civ.R. 59 for the error raised in their first assignment. Given our disposition of that assignment, we overrule this assignment. The judgment of the trial court is reversed, and this cause is remanded for a determination of damages on the Haboushes' claims against Spring Valley Bank and Robinson.

Judgment reversed and cause remanded.

**HENDON, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:
        The court has recorded its own entry this date.

6