[Cite as *Melton v. Melton*, 2013-Ohio-4790.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PATRICIA L. MELTON, | : | APPEAL NO. C-130123 |
| | | TRIAL NO. DR-0901452 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| | : | |
| TODD T. MELTON, | | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  November 1, 2013

*Niehaus Law, LLC,* and *Daniel A. Niehaus*, for Plaintiff-Appellant,

*Moskowitz & Moskowitz, LLC,* and *James H. Moskowitz*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Plaintiff-appellant Patricia Melton appeals the judgment of the trial court denying her motion for relief from judgment. She argues that her former counsel had committed gross negligence by failing to provide for the trial court's continuing jurisdiction over spousal support in Mrs. Melton's separation agreement with defendant-appellee Todd Melton. Because we determine, as did the trial court, that Mrs. Melton's motion fell outside the purview of Civ.R. 60(B)(5), and failed to meet the one-year time limit under Civ.R. 60(B)(1), the trial court did not abuse its discretion in denying Mrs. Melton's motion.

{¶2} Mrs. and Mr. Melton entered into a final decree of divorce on May 14, 2010. In conjunction with the divorce action, the Meltons had entered into a separation agreement, which was then incorporated into and made part of the divorce decree. The separation agreement provided that Mr. Melton would pay Mrs. Melton $2,500 per month for 36 consecutive months. The separation agreement also contained the following language with regard to the court's jurisdiction over spousal support: "[T]he term of the spousal support and the amount of the spousal support payments to be paid by Husband to Wife shall never be increased, decreased, or changed in any manner by any court for any reason. The term of the payments set forth in this Article are [sic] forever final, binding and conclusive upon the parties and upon all courts for all purposes whatsoever."

{¶3} Prior to the final entry of the divorce decree, the trial court held a hearing in which Mrs. Melton testified that she had read the separation agreement thoroughly, she had signed it, and she had understood its contents. She also testified

that she had signed the divorce decree and that she had wished to incorporate the separation agreement into the decree.

{¶4} On September 12, 2012, Mrs. Melton filed a motion for relief from the final decree of divorce under Civ.R. 60(B)(5). Mrs. Melton asserted in her motion that she and her previous attorney had reached an understanding that any settlement concerning spousal support would provide the court with continuing jurisdiction over the matter because of Mrs. Melton's health problems, which might prevent her from working in the future. Because the settlement agreement expressly disclaimed any continuing jurisdiction over spousal support, Mrs. Melton argued that her attorney had acted with gross negligence in drafting the agreement.

{¶5} In support of her motion, Mrs. Melton attached email correspondence between her attorney and her, as well as her attorney and Mr. Melton, who had been unrepresented at the time of the final settlement negotiations. In an email from Mrs. Melton's attorney to Mr. Melton dated March 8, 2010, Mrs. Melton's attorney had presented two alternatives for settlement, both of which had "require[d] that the Court retain jurisdiction over spousal support." The emails that followed between Mrs. Melton's attorney and Mr. Melton had related to a three-year duration for spousal support and did not mention continuing jurisdiction. Mrs. Melton also attached a draft settlement agreement to her motion. That agreement had included the same language disclaiming any reservation of jurisdiction over spousal support that had been included in the final separation agreement; however, in that draft agreement, spousal support could have been deferred if Mr. Melton had sustained an involuntary loss of employment. Mrs. Melton also attached to her motion a letter

3

and an affidavit from her doctor outlining Mrs. Melton's medical problems and her inability to work.

{¶6} Mr. Melton filed a memorandum in opposition to and a motion to dismiss Mrs. Melton's Civ.R. 60(B) motion. Mr. Melton attached his own affidavit in which he averred that, during settlement negotiations, he had been concerned about modification of spousal support by Mrs. Melton after the expiration of the three-year term. In order to prevent any obligation to pay support after three years, Mr. Melton had agreed to give Mrs. Melton a lump-sum payment from his retirement account and had made her the beneficiary of a life-insurance policy.

{¶7} On October 26, 2012, Mrs. Melton served a subpoena on her former attorney, requesting all documents, including correspondence and emails, related to Mrs. Melton's representation. Her former attorney filed a motion to quash the subpoena, arguing that compliance with the subpoena would be unduly burdensome given that Mrs. Melton had already received her complete file and that Mrs. Melton had declined to receive email correspondence at that time. The trial court held a hearing on the motion to quash where Mrs. Melton's former counsel stated that the cost to retrieve the years-old correspondence and the time required to review the documents for production would be prohibitive. Mrs. Melton argued at the hearing that she needed the correspondence to pursue her Civ.R. 60(B) motion.

{¶8} Without holding a hearing on Mrs. Melton's motion for relief from judgment, the trial court denied her motion. In addition to determining that Mrs. Melton could not demonstrate that she had a meritorious claim to present if relief from judgment were granted, the trial court reasoned that Mrs. Melton's claim under Civ.R. 60(B)(5) was actually a claim under Civ.R. 60(B)(1), but was not timely filed.

4

Therefore, the trial court determined that it had no jurisdiction to entertain Mrs. Melton's motion for relief from judgment, and that the motion to quash was moot in light of its decision. Mrs. Melton now appeals the trial court's denial of her motion for relief from judgment.

{¶9} In a single assignment of error, Mrs. Melton argues that the trial court erred by denying her motion for relief from judgment. We review a trial court's ruling on a motion for relief from judgment for abuse of discretion. *W2 Properties, LLC v. Haboush*, 196 Ohio App.3d 194, 2011-Ohio-4231, 962 N.E.2d 858, ¶ 21 (1st Dist.), citing *GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).

> {¶10} Under Civ.R. 60(B), a final judgment may be set aside for
>
> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Motions for relief brought under Civ.R. 60(B)(1), (2), or (3) must be brought within one year after the judgment, or within a reasonable time under Civ.R. 60(B)(4) and (5). *See* Civ.R. 60(B).

{¶11} A party moving for relief from judgment under Civ.R. 60(B) must demonstrate that (1) it has a meritorious claim or defense to present if relief is granted, (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is timely. *GTE Automatic Elec. Inc.* at paragraph two of the syllabus. A trial court is not required to hold an evidentiary hearing on a Civ.R. 60(B) motion if the motion and supporting evidentiary material do not contain allegations of operative facts that would warrant relief under Civ.R. 60(B). *Hansen v. Hansen*, 132 Ohio App.3d 795, 802, 726 N.E.2d 557 (1st Dist.1999), citing *State ex rel. Richard v. Seidner*, 78 Ohio St.3d 116, 117, 676 N.E.2d 889 (1997).

{¶12} Civ.R. 60(B)(5), the "catch-all" provision, is meant to relieve a person from the unjust operation of a judgment. *W2 Properties,* 196 Ohio App.3d 194, 2011-Ohio-4231, 962 N.E.2d 858, at ¶ 26-27, citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. Civ.R. 60(B)(5) is available only in "extraordinary circumstances." *Hatfield v. Goebel*, 1st Dist. Hamilton Nos. C-970819 and C-970940, 1998 Ohio App. LEXIS 4199 (Sept. 11, 1998); *Household Realty Corp. v. Cipperley*, 7th Dist. Mahoning No. 12 MA 113, 2013-Ohio-4365, ¶ 9; *In re R.B.*, 12th Dist. Butler No. CA2012-09-176, 2013-Ohio-2392, ¶ 22. Moreover, Civ.R. 60(B)(5) cannot be used as a substitute for Civ.R. 60(B)(1). *GTE Automatic Elec. Inc.*, 47 Ohio St.2d at 151, 351 N.E.2d 113.

{¶13} As a general matter, negligence of a party's attorney will be imputed to the party for purposes of Civ.R. 60(B)(1). *GTE Automatic Elec. Inc.*, 47 Ohio St.2d at paragraph four of the syllabus, 351 N.E.2d 113; *Moore v. Emmanuel Family Training Ctr.*, 18 Ohio St.3d 64, 68, 479 N.E.2d 879 (1985); *Les Robinson v. Miller Hamilton Venture, LLC*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017, ¶ 18.

In order for an attorney's conduct to fall outside the purview of Civ.R. 60(B)(1), and to be considered an extraordinary circumstance contemplated by Civ.R. 60(B)(5), the conduct must "reveal[] a complete disregard for the judicial system." *GTE Automatic Elec. Inc.*, 47 Ohio St.2d at 152, 351 N.E.2d 113. In other words, the attorney's conduct must be egregious; for example, conduct rising to the level of abandonment. *Les Robinson* at ¶ 19; *McDermott v. Franklin*, 11th Dist. Geauga No. 2009-G-2903, 2009-Ohio-670, ¶ 26.

{¶14} Mrs. Melton argues that her motion for relief from judgment alleged gross negligence on the part of her former counsel in drafting the settlement agreement, which rises to the level of "extraordinary circumstances" contemplated by Civ.R. 60(B)(5). In support of her argument, Mrs. Melton relies on *Whitt v. Bennett*, 82 Ohio App.3d 792, 613 N.E.2d 667 (2d Dist.1992).

{¶15} In *Whitt*, the plaintiffs' counsel failed to respond to two sets of discovery, as well as an order compelling the information sought in discovery. All of this prompted a motion to dismiss. Counsel then failed to attend the hearing on the motion to dismiss, and the court dismissed plaintiffs' complaint with prejudice. All the while, the plaintiffs believed that their case would go to trial. The trial court denied plaintiffs' motion for relief from judgment under Civ.R. 60(B)(1), relying on the general rule from *GTE Automatic Elec. Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113, that an attorney's conduct will be imputed to the party. In reversing the trial court, the *Whitt* court determined that "fault should not automatically be imputed when an attorney has grossly neglected a diligent client's case and misleads the client to believe that his interests are being properly handled." *Whitt* at 797-798. The court

then remanded the matter to the trial court to determine whether the motion was made within a reasonable time under Civ.R. 60(B)(5). *Id.* at 798.

{¶16} In her Civ.R. 60(B) motion, Mrs. Melton argues that her previous counsel had indicated to her that the court could revisit spousal support in the event that her health continued to decline, and that her attorney had acted with gross negligence by including language in the separation agreement prohibiting any continuing jurisdiction over spousal support. The record, however, belies any allegations of abandonment or gross neglect on the part of Mrs. Melton's attorney, such as that in *Whitt.* Although email correspondence among Mrs. Melton, her attorney, and Mr. Melton reflect that settlement discussions at one point had included the topic of continuing jurisdiction over spousal support, later emails show that discussions had been limited to three years of spousal support.

{¶17} There is nothing in the record before us to demonstrate misleading conduct on the part of Mrs. Melton's attorney. In fact, Mrs. Melton had received a draft of the settlement agreement, which had contained the same clear, unequivocal language prohibiting continuing jurisdiction over spousal support. Mrs. Melton had signed the final settlement agreement with the prohibition of continuing jurisdiction. Then, Mrs. Melton had attended a hearing on her decree of divorce where she had acknowledged that she had read and understood the settlement agreement and had wished the agreement to become incorporated into the court's order of divorce.

{¶18} Mrs. Melton's allegations raise, at most, negligence on the part of her attorney that would be imputed to Mrs. Melton under Civ.R. 60(B)(1). *See GTE Automatic Elec. Inc.*, 47 Ohio St.2d at 152, 351 N.E.2d 113. Construing Mrs. Melton's motion as one under Civ.R. 60(B)(1), the motion was filed in September 2012, more

8

than two years after the final decree of divorce, and thus well after the one-year time limit outlined in Civ.R. 60(B). Therefore, Mrs. Melton has failed to show entitlement to relief under Civ.R. 60(B). *See id.* at paragraph two of the syllabus.

{¶19} Our determination that Mrs. Melton has failed to show entitlement to relief under one of the grounds listed in Civ.R. 60(B) is dispositive of our analysis in reviewing the trial court's decision. Thus, we need not reach whether Mrs. Melton would have a meritorious claim if relief were granted. *See id.*

{¶20} Mrs. Melton also argues that the trial court erred in overruling her motion for relief from judgment without allowing her to enforce her subpoena on her former counsel for additional correspondence and without a hearing. Because we have determined, as did the trial court, that Mrs. Melton's motion did not allege operative facts that would support relief under Civ.R. 60(B), the trial court was not required to hold an evidentiary hearing on Mrs. Melton's motion. *See Hansen*, 132 Ohio App.3d at 802, 726 N.E.2d 557. The trial court correctly determined that Mrs. Melton's former attorney's motion to quash was moot in light of its decision.

{¶21} In conclusion, the trial court did not abuse its discretion in denying Mrs. Melton's motion for relief from judgment. We overrule Mrs. Melton's sole assignment of error, and affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.