[Cite as *Salmons v. Salmons*, 2018-Ohio-1442.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

LISA S. SALMONS,

     **PLAINTIFF-APPELLEE,**           CASE NO.  2-17-20

     v.

GREG K. SALMONS,

     **DEFENDANT-APPELLEE,**
     **-and-**

                                  **O P I N I O N**

JP MORGAN CHASE BANK, N.A.,

     **THIRD-PARTY DEFENDANT-**
      **APPELLANT.**

Appeal from Auglaize County Common Pleas Court
Domestic Relations Division
Trial Court No. 2014-DR-143

**Judgment Affirmed**

**Date of Decision:  April 16, 2018**

APPEARANCES:

     *Daniel C. Gibson* **for Appellant**

     *Robert B. Fitzgerald* **for Appellee Lisa S. Salmons**

**WILLAMOWSKI, J.**

{¶1} This appeal was brought by Defendant-Appellant J.P. Morgan Chase Bank ("the Bank") from the judgment of the Court of Common Pleas of Auglaize County denying its motion to vacate a judgment. For the reasons set forth below, the judgment is affirmed.

{¶2} On December 29, 2014, Plaintiff-Appellee Lisa Salmons ("Lisa") filed a complaint for divorce without children naming Greg Salmons ("Greg") as the defendant. Doc. 1. Greg filed his answer on January 8, 2015. Doc. 25. On February 25, 2015, a continuance of a hearing was granted after Greg's attorney withdrew. Doc. 46. At that hearing, Lisa indicated to the trial court that certain mortgage holders would need to be joined as parties. *Id.* On May 1, 2015, Lisa filed a motion to join the Bank as a defendant in the case as the successor in interest to the original holder of a mortgage and note on the marital property. Doc. 63. The reason alleged for the necessity of the joinder was that Lisa indicated that she had not signed the note or mortgage and that her signature on the documents had been forged. *Id.* Lisa also filed a motion for leave to file an amended complaint naming the Bank as a defendant. Doc. 68. The trial court granted the motion on May 27, 2015. Doc. 75. The amended complaint was filed on that same day. Doc. 78. Also on that same day, the trial court granted Lisa's motion to join the Bank and issued an order of joinder. Doc. 79 and 80. On June 2, 2015, Lisa filed a praecipe for service of a

summons, the amended complaint and the order of joinder to the Bank. Doc. 83. The clerk of courts then sent a copy of the complaint and the order of joinder to the Bank by certified mail. Doc. 84. The docket is silent as to whether a summons was also sent, as was requested by the praecipe. The return receipt was filed on June 8, 2015, indicating that the Bank received what was sent by the clerk of courts on June 5, 2015. Doc. 85. The Bank did not file an answer or any response and did not object to jurisdiction.

{¶3} On September 2, 2015, the clerk of courts sent out a notice of a final hearing on the case. Doc. 87. Notice of the final hearing was sent to the Bank. *Id*. The first part of the final hearing was held on November 16, 2015. Doc. 93. Although Greg and Lisa were present, the Bank was not present. *Id*. Lisa rested her case, but the hearing was continued until December 22, 2015, for Greg to present his case. *Id.* Notice of the second day of the hearing was ordered sent to all parties, including the Bank. *Id.* On November 19, 2015, Greg filed a motion to call additional witnesses to show that Lisa had knowledge of the note and mortgage on the marital real estate. Doc. 99. Since the record did not show that Lisa had received notice of the motion, the trial court set the motion for hearing prior to the start of the remainder of the case and sent notice of this to Lisa, Greg, and the Bank. Doc. 101.

{¶4} The final hearing was concluded on December 22, 2015. Doc. 116. In its orders on divorce, the trial court noted that the Bank had been added as a party to the proceedings, was served, but had chosen not to appear. *Id*. at 1. The trial court then found that Greg had admitted that he had forged Lisa's signatures and had them notarized by a friend without the consent or knowledge of Lisa about the note and mortgage.[1] *Id*. at 2. The trial court then awarded the marital residence to Lisa subject to the home equity loan from Superior Credit Union. *Id*. at 3. However, the trial court ordered that the note and mortgage were not valid as to Lisa. *Id*. at 2. The trial court also noted that although it had made such a determination, that if Lisa failed to pay the mortgage she would likely be sued for foreclosure and incur legal expenses to defend the suit.[2] *Id*. at 4. The clerk of courts was ordered to serve a copy of the entry on all parties. *Id*. The journal entry was filed on March 16, 2016. The clerk of courts did send a copy of the final judgment to the Bank on March 17, 2016. Doc. 117. Greg filed a pro se notice of appeal from this judgment, but the appeal was dismissed for lack of prosecution. Doc. 121 and 128. The Bank was sent a copy of the notice of appeal by the clerk of courts on April 15, 2016. Doc. 123.

---

[1] Although a transcript of the final hearings was not submitted, Greg's deposition was filed with the trial court. In his deposition, Greg admitted on multiple occasions that Lisa did not know about the note and mortgage and had not signed them. Greg admitted that he had signed her name and then had a friend notarize the signatures. Greg's Dep. at 22, 32, 38-40

[2] Greg was still liable on the mortgage and note, but given his legal troubles resulting from convictions for theft and forgery, along with his prior financial misconduct, the trial court was aware that his payment was not a certainty.

{¶5} On July 6, 2016, Lisa filed a motion to have Greg's interest in the real estate transferred to her after Greg refused to sign the quit claim deed as ordered by the trial court. Doc. 132. A praecipe was filed requesting service upon Greg in prison and upon the Bank at both its main location in Cleveland and its local branch in Wapakoneta. Doc. 137. Return of service was received by the clerk of courts from the Bank on July 11, 2016, indicating that service was received by both offices of the Bank. Doc. 140 and 141. The trial court granted the motion on August 9, 2016. Doc. 142. A copy of the order was sent to the Bank. Doc. 143.

{¶6} On April 12, 2017, the Bank filed a motion to "vacate void default judgment for lack of personal jurisdiction". Doc. 154. The Bank argued that since it had never received a summons, the trial court lacked personal jurisdiction, so the judgment is void. *Id.* Certificate of service on the motion was sent to counsel for Lisa and Greg. *Id.* Lisa filed her response to the motion on April 20, 2017. Doc. 164. A hearing was held on the motion on September 11, 2017. Doc. 175. The Bank presented no evidence at the hearing. Doc. 184. The trial court issued its judgment denying the motion of the Bank on the grounds that although the Bank may not have received a summons, it had received the amended complaint, a copy of the order of joinder making it a party to the case, notice of all the hearings, and notice of all the judgment entries. *Id.* The trial court noted that the judgment challenged by the Bank was not one of default, but occurred after being fully

litigated. *Id.* The trial court distinguished the cases cited by the Bank and found that the Bank had properly been made a party and had actual notice of the proceedings. *Id.* The court also noted that the Bank had waited over a year to challenge the final judgment of divorce even though it had been served a copy of that judgment in March of 2016 and the Bank admitted that everything was properly sent to its statutory agent. *Id.* The trial court also noted that even if the Bank had appeared, it would not likely have affected the outcome since Greg admitted that Lisa's name on the loan and mortgage were forged by him without her consent. *Id.* The Bank filed its notice of appeal from that judgment. Doc. 178. On appeal, the Bank raises the following assignment of error:

> **The trial court erred in denying [the Bank's] motion to vacate void default judgment for lack of personal jurisdiction.**

{¶7} In this case, the Bank claims that because it did not receive a summons, the trial court lacked personal jurisdiction. This court notes that the Bank does not claim any other basis for a lack of personal jurisdiction other than the failure to issue the summons. The Bank also does not deny that it received a copy of the complaint, a copy of the order of joinder, notices of hearings, and all orders of the trial court. The only issue raised by the Bank on appeal is whether the trial court may obtain personal jurisdiction if the clerk of court fails to send a summons.

{¶8} Pursuant to the Civil Rules of Ohio, the clerk shall issue a summons upon the request of the plaintiff against any defendant. Civ.R. 4(A). "Courts will

presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence." *W2 Properties, L.L.C. v. Haboush*, 196 Ohio App.3d 194, 2011-Ohio-4231, ¶ 15, 962 N.E.2d 858 (1st Dist.). "The presumption of proper service by certified mail applies where the record contains a signed return receipt for the envelope delivered that should have contained the summons and complaint." *Id*. at ¶ 17.

{¶9} In this case, the record is clear that Lisa filed a praecipe requesting that the clerk send the Bank a copy of the complaint, a copy of the order of joinder, and a summons. Doc. 83. The record shows that the clerk attempted service by certified mail. Doc. 84. The record shows that a signed receipt was received by the clerk of courts indicating that the Bank received what was sent. Doc. 85. Thus, a presumption of proper service exists by virtue of the Bank's receipt of documents requested through Lisa's praecipe. Doc. 137. The Bank challenged this presumption with an affidavit indicating that after looking through the records, the statutory agent did not find a copy of the summons. Based upon this affidavit, the trial court held a hearing on the issue. At that hearing, the Bank presented no additional evidence to show that service was not proper. Neither the affiant or the clerk of courts was called to testify as to whether a summons was issued. However, the trial court never ruled on whether the service was perfected or not. The trial

court instead concluded that the Bank had been made a party to the case in another manner.

{¶10} "The purpose of a summons is to give notice to the defendant that claims have been filed against him and that he is required to appear and answer." *Chaffin v. Shrontz*, 5th Dist. Guernsey No. 13-CA-25, 2014-Ohio-1495, ¶ 21.

> **It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court.**

*Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). The trial court in this case determined that the Bank submitted to the jurisdiction of the court by its inaction when it admitted that it had received the complaint and order of joinder and chose not to take any action. The Bank presents several cases in its argument as to why the trial court is incorrect. Upon review of the case law, we agree with the trial court.

{¶11} The Bank initially cites to the above holding in *Maryhew* to show why it was not subject to the jurisdiction of the trial court. In *Maryhew* the plaintiff requested on November 6, 1980, that service be sent to the defendant by certified mail. *Id*. at 155. However, the plaintiff was notified by the clerk of courts on November 12, 1980, that the certified letter was returned by the post office marked

"unknown". *Id.* The plaintiff then took no further action to obtain service of process. *Id.* On December 1, 1981, the defendant filed a motion to dismiss the complaint based upon the fact that the action was barred by the statute of limitations, lack of personal jurisdiction over the defendant, and insufficiency of service of process. *Id.* Although the trial court found that the defendant may have engaged in "legal gamesmanship", the failure of the plaintiff to obtain service of process once notified that the original attempt had failed meant that there was no service of process within one year which required the dismissal of the case. *Id.* at 159. Since the statute of limitations had run, the case was dismissed with prejudice. *Id.*

{¶12} The facts in *Maryhew* are clearly distinguishable from the facts in this case. In *Maryhew*, the plaintiff was notified that service had not been perfected and took no steps to remedy the situation. There was no presumption that service was proper. Here, the praecipe requested a summons along with the complaint and the order of joinder, the clerk was required by the civil rules to send the summons, an envelope was sent, the Bank admittedly signed for the envelope, and the Bank never contacted anyone at the court or Lisa to inquire about the situation or indicate that there was an issue. The return receipt was filed in the docket. Lisa had a right to presume that service was proper.

{¶13} The Bank also argues that the trial court was required to vacate the prior judgment because it was void ab initio since it lacked personal jurisdiction. In

support of that argument the Bank cites to *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990). *Ballard* involved a case where punitive damages were awarded against a person who was not served a summons, did not appear, and was not made a party to the proceedings. The Supreme Court of Ohio held that due process requires that one receive notice and an opportunity for a hearing prior to being deprived of life, liberty or property. *Id*. at 183. In *Ballard*, the plaintiffs' filed suit against various parties for breach of contract, including the attorney who prepared the documentation. *Id*. at 182. The record contained no indication that the attorney was ever "served with a summons, ever appeared before the trial court, or was joined as a defendant in the court proceedings." *Id*. The plaintiffs were awarded punitive damages against the attorney even though he was not a part of the suit in any way. The Supreme Court of Ohio held that since the attorney had never been served or otherwise made a party to the proceedings, he was entitled to a writ of mandamus vacating the judgment against him. *Id*. at 183-184.

{¶14} The facts of *Ballard* are distinguishable from the facts in this case. In *Ballard*, the defendant received no notice and was not joined as a party. Here, the Bank indisputably received notice that they were a party by the service of the complaint and by the service of the order of joinder. Additionally, the Bank was served with notice of all hearings and copies of all judgments. The Bank admits

that it received all of these items and took no action, not even when the judgment entry affected their interest in the property or when Lisa took steps to enforce the judgment. The Bank did not even object when Lisa filed a motion to order the transfer of Greg's interest in the real estate. The record shows that the Bank received notice of this motion and did not object to the motion. Unlike the attorney in *Ballard,* the Bank continuously received notice of all filings and hearings, including an order of joinder.

{¶15} The Bank also claims that the trial court's decision is wrong pursuant to a holding of the 9th District Court of Appeals of Ohio in *Schumacher v. Schumacher,* 9th Dist. Summit No. 25411, 2011-Ohio-581. In *Schumacher*, the wife filed a motion to join Intec as a party-defendant so that she could obtain an interest in her husband's stock. *Id*. at ¶ 4. The trial court granted the motion to join Intec. *Id*. The only documents served upon Intec were her motions to enforce the judgment entry and the motion to join Intec. *Id*. at ¶ 12. No summons was requested and Intec was never notified of the scheduled hearings. *Id*. The appellate court determined that because Intec had never been made a party to the case in any way, the judgment against Intec was void. *Id*. at ¶ 15.

{¶16} Unlike the situation in *Schumacher*, Lisa took steps to properly join the Bank. Lisa requested that a summons, a copy of the amended complaint, and a copy of the order of joinder be sent to the Bank. The Bank admits that it received

everything except the summons. The Bank also admits that it received notice of all hearings. Thus the facts of this case distinguish it from *Schumacher*.

{¶17} This Court notes that there is no question that a summons was requested. There is also no question that the Bank was served with a copy of the amended complaint, the order of joinder, notices of all hearings, and copies of all judgment entries. The record shows that the final judgment entry was entered on March 16, 2016. The Bank did not indicate that there was a problem till more than a year later, even though it had knowledge of the judgment. Between the final judgment and the motion to vacate the judgment, there was an appeal taken and actions taken to enforce the judgment. The Bank had notice of these and did not object to the enforcement of the judgment, including the motion to terminate Greg's interest in the real estate.

{¶18} In April of 2017, the Bank filed its motion to vacate the final judgment of divorce. The Bank claimed that the judgment was a default judgment and was void due to a lack of a summons. In support, the Bank submitted an affidavit which claimed that a review of business records did not reveal they had received a summons. Upon receiving the motion, the trial court scheduled a hearing on the motion. At the hearing, the Bank had the burden of proof, but chose to rely solely upon the affidavit. The Bank did not call anyone to testify regarding the business records and did not call the clerk of courts to testify as to whether a summons was

or was not sent. The trial court determined that the Bank's inaction was a voluntary submission to jurisdiction and that the Bank did not meet its burden of proof that it had not been made a party to the case. We agree.

{¶19} Upon review, we note that the original judgment was not a default judgment, but occurred after the issues were fully litigated at a hearing. Although the Bank chose not to take part in that litigation, Greg, as the other defendant, did litigate the issues. The record shows that Lisa requested a summons be sent, along with the amended complaint and the order of joinder, in her praecipe. Upon the return receipt from the Bank being placed on the docket, Lisa was entitled to a presumption that service was complete. The Bank did present evidence that it did not receive a summons, but the trial court was free to believe or disbelieve that evidence.

{¶20} Additionally, even if the trial court determined that no summons was issued, the trial court could determine that the Bank involuntarily submitted to the jurisdiction of the court by the actions of the party or its legal representative. *Maryhew, supra* at 156. In this case, the Bank had actual notice not only of the proceedings, but of the order joining them as a party and actual notice of all hearings. The Bank has admitted this. The Bank also admitted that it had received copies of all judgments. At oral argument, counsel admitted that a reasonable person would likely have taken some action upon receiving all of these filings and

hearings. However, the Bank chose not to take any actions for more than one year, despite numerous notices and opportunities to do so. These choices were actions from which it could be determined that the Bank involuntarily submitted to the jurisdiction of the trial court. Therefore, the trial court did not err in finding that it had jurisdiction over the Bank and by denying the motion to vacate the final judgment for lack of jurisdiction. The assignment of error is overruled.

{¶21} Having found no prejudice in the particulars assigned and argued, the judgment of the Court of Common Pleas of Auglaize County, Domestic Relations Division, is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and PRESTON, J.J., concur.**

**/hls**